US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 07 2010

CHRIS R. JOHNSON, Clerk
By
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| CANDACE LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 10-5238 |
| v. ) | |
| ) | |
| RORY VOHRWINKLE d/b/a ) | |
| ROVO LAW FIRM, ) | |
| Defendant. ) | |

# COMPLAINT

NOW COMES the Plaintiff, CANDACE LONG, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, RORY VOHRWINKLE d/b/a ROVO LAW FIRM, Plaintiff states as follows

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CANDACE LONG, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Lincoln, County of Washington, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to SDS Processing (hereinafter "SDS").

1

6. The debt that Plaintiff allegedly owed SDS was for a payday loan, the funds from which were used for the personal use of Plaintiff and/or used for household expenditure.

7. Upon information and belief, Frontier Financial Group acquired, purchased and/or otherwise obtained the debt Plaintiff allegedly owed to SDS.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. RORY VOHRWINKLE d/b/a ROVO LAW FIRM, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Arkansas. Defendant's principal place of business is located in the State of Nevada.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. On or about September 2, 2010, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Anabelle, a duly authorized representative of Defendant.

16. During the course of the aforementioned telephone call, Annabelle stated that she worked at "RoVo & Associates-Attorneys at law."

17. Defendant further stated that it would file a civil claim against Plaintiff in relation to a check Plaintiff wrote relative to a payday loan.

18. Plaintiff then inquired where Defendant would file the aforementioned lawsuit.

19. Defendant responded by stating that if Plaintiff did not want to work with Defendant then it would file the lawsuit against Plaintiff in Washington County, [Arkansas] by the end of the month.

20. During the course of the aforementioned telephone call, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt, and that any information obtained would be used for that purpose.

21. The aforementioned statements, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that Annabelle was an attorney.

22. Despite the fact that Defendant is a law firm, upon information and belief, Annabelle is not an attorney.

23. At no time during the course of the aforementioned telephone call between Defendant and Plaintiff did Annabelle apprise Plaintiff that she was not an attorney.

24. On or about September 2, 2010, Defendant sent a correspondence to Plaintiff, via e-mail, in an attempt to collect a debt Plaintiff allegedly owed to SDS.

25. Defendant stated that it represented Frontier Financial Group in the area of creditor's rights and that Frontier Financial Group had retained Defendant to collect from Plaintiff the entire current balance for the debt Plaintiff allegedly owed to SDS.

26. In the aforementioned correspondence Defendant stated "within one week of the date of this letter, either pay Frontier Financial Group the balance that you owe, or phone Frontier Financial group directly at 1-866-443-6985 to work out arrangements for payment."

27. Defendant further stated "If you do neither of these things, [Defendant] will be entitled to file a lawsuit against you, for the collection of the debt, when the 30 day[s] is over."

28. Only then did Defendant provide Plaintiff with a statement relating to Plaintiff's right to dispute the validity of the debt on which Defendant was attempting collect.

29. Subsequent to the aforesaid putative disclaimer, Defendant then stated at the end of its correspondence "the law does not require us to wait until the end of the 30-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor as stated above, within the 30-day period that begins with your receipt of this letter, the law requires us to suspend our offers (through litigation or otherwise) to collect the debt until we mail the requested information to you."

30. The aforementioned correspondence was then signed by "Rory Vohnwinkel, Esq."

31. Despite a putative disclaimer, the aforementioned correspondence contains a threat of impending legal action to collect on the debt allegedly owed by Plaintiff.

32. The aforesaid information contained in the correspondence overshadowed and obfuscated Plaintiff's right to dispute the debt she allegedly owed and to seek validation of said debt.

33. The threat of impending legal action in the aforesaid correspondence overshadowed and obfuscated Plaintiff's right to dispute the debt she allegedly owed and to seek validation of said debt.

34. On or about September 2, 2010, Rory Vohnwinkel, a duly authorized representative of Defendant, sent another correspondence to Plaintiff, via e-mail.

35. Defendant's correspondence stated "my firm does assist Frontier Financial with collection efforts."

36. Defendant further stated please contact Frontier Financial Group directly before we initiate legal proceedings.

37. Defendant's correspondence failed to state that it was a debt collector, attempting to collect a debt and that any information would be used for that purpose.

38. Defendant's correspondence had the effect of conveying to an unsophisticated consumer that if Plaintiff did not contact Frontier Financial Group then Defendant would file a lawsuit against Plaintiff.

39. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

40. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

41. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

42. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

43. Upon information and belief, at the time of making the aforementioned threat, Defendant did not have any employees that were licensed to practice law in the State of Arkansas.

44. In its attempts to collect the debt allegedly owed by Plaintiff to SDS, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   h. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter; and,

   i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

45. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

46. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CANDACE LONG, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
CANDACE LONG

By: _____
David M. Marco
Attorney for Plaintiff

Dated: November 30, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:    (888) 418-1277
E-Mail:        dmarco@smithlaw.us